UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

J.N. (XXX-XX-6375)                    CIVIL ACTION NO. 13-cv-0214

VERSUS                                JUDGE HICKS

MICHAEL J. ASTRUE                     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

J.N. ("Plaintiff") was born in 1964, has a high school education, and worked for several years as a carpenter in the construction industry. He quit working in 2007 based on complaints that pain in his knees and back prevented him from performing the demands of his job. He filed more than one application for disability benefits in the following years and was successful on one application when he was found disabled effective March 18, 2009. The issue in this case, which concerns another application, is whether Plaintiff was disabled before that date.

ALJ Mary Elizabeth Johnson conducted a hearing and issued a written decision (Tr. 21-29) in which she decided that Plaintiff was not disabled. The Appeals Council denied a request for review. Tr. 1-3. Plaintiff then filed this civil action to seek the limited judicial relief available under 42 U.S.C. § 405(g). For the reasons that follow, it is recommended that the Commissioner's decision be affirmed.

**Summary of the ALJ's Decision**

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 and described in cases such as Perez v. Barnhart, 415 F.3d 457, 461 (5th Cir. 2005).  She found that Plaintiff had not engaged in substantial gainful activity since July 28, 2007 (step one) and suffered from degenerative joint disease of the knees and mild degenerative changes at T12-L1, impairments which are severe within the meaning of the regulations (step two) but not so limiting as to meet the requirements of a listed impairment (step three) and require a finding of disabled without regard to other vocational factors.

The ALJ next reviewed the medical evidence and testimony and found that Plaintiff had the residual functional capacity ("RFC") to perform the lift/carry demands of light work and could sit/stand for up to six hours of an 8-hour workday.  Plaintiff would, however, need a cane to ambulate, a sit/stand option, and could walk no more than two hours per day.  The ALJ also found that Plaintiff could never kneel or climb stairs but could occasionally stoop, squat, and crouch.  He could frequently, but not constantly, use foot controls, and he should avoid uneven terrain.  He also had some other limitations regarding reaching and hand use not relevant to this appeal.

The ALJ found that this RFC prevented Plaintiff from performing his past relevant work  (step four) as a carpenter, which was medium in exertional demand.  The ALJ then asked a vocational expert ("VE") if, considering the RFC and Plaintiff's age, education, and work skills, there were other jobs available in the economy that Plaintiff could perform.  The

VE identified silver wrapper, marker, and furniture rental consultant. The ALJ relied on that testimony to find at step five that Plaintiff was not disabled.

**Issue on Appeal**

Orthopedic surgeon Dr. Clinton McAlister conducted a consultative examination of Plaintiff and issued a written report. Dr. Frank Barnes, also an orthopedic surgeon, did not examine Plaintiff but reviewed his records and answered interrogatories from the ALJ. Plaintiff argues that the ALJ did not afford proper weight to the opinions of these physicians or did not give adequate reasons to discount their opinions.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Analysis**

Plaintiff went to the VA Medical Center in May 2007 with reports of upper and lower back pain aggravated by his job. He returned in July 2007 with reports that his job was aggravating his chronic knee pain. Plaintiff reported having bilateral orthroscopic knee

Page 3 of 10

surgery as the result of injuries sustained while on military duty, and he had received a 50% service connected disability rating as a result of degenerative arthritis in the knees. The VA examination revealed no palpable tenderness, swelling, increased warmth, or joint instability. Plaintiff did demonstrate decreased flexion, and X-rays showed degenerative joint disease. Plaintiff was told to return to work a couple of days later. He did not work again.

After Plaintiff applied for benefits, the Agency referred him to Dr. McAlister for a consultative evaluation, which took place in September 2007. McAlister noted that Plaintiff walked with a cane and a slight limp more on the right. He had mild difficulty getting from supine to sitting, and from sitting to standing position. He also had difficulty bending or squatting. Tr. 340-49.

Plaintiff indicated a very limited range of motion of his lumbar spine and held himself rigid during the exam. There was no spasm, and straight-leg raise was positive in the supine position but negative when sitting. Dr. McAlister recorded voluntary resistance to any attempt to obtain range of motion measurement of the hips. X-rays showed early degenerative changes at the T12-L1 level that were not dramatic.

Plaintiff indicated significant pain with examination of his knees. There was resistance with any attempts at doing any motion, but there was no instability of either knee. There was no sign of any torn cartilage. X-rays of the knees showed some degenerative changes and irregularity of the femoral condyles.

Dr. McAlister wrote that his impression was bilateral moderately severe degenerative arthritis of the knees, and mild degenerative arthritis of the thoracolumbar spine. Despite

objective findings of disease, Dr. McAlister wrote that Plaintiff showed evidence of symptom magnification during attempts at testing muscle strength as well as sensation. He concluded that Plaintiff "can perform at a sedentary activity level" but "should be limited with any prolonged standing, walking, or sitting." There was no objective evidence of limitation of the upper extremities.

The Agency directed additional X-rays in September 2007 that documented mild degenerative changes of the thoracic spine and moderate advanced degenerative joint disease of the left knee. Plaintiff stated during a visit to the VA in October 2007 that he was doing pretty good and his back and knee pain had improved with his current medication and a knee brace.

The ALJ submitted interrogatories to Dr. Frank Barnes in 2011 (after the period at issue that ended in March 2009). He did not examine Plaintiff but he did review medical records, including Dr. McAlister's report. He completed a medical source statement in which he indicated findings that Plaintiff could (relevant here) sit two hours at a time without interruption, but could stand or walk for only 30 minutes at a time and for a total of one hour each in a workday. He added that Plaintiff did not require the use of a cane to walk and could walk one block without one. Tr. 561. Barnes did not state whether his opinion was based on Plaintiff's then-current state or his condition before March 2009. His only indication of a time frame is in a note that Plaintiff did not meet a mental listing "from 2007 until now."

Plaintiff testified in a hearing in October 2011 (after the period at issue that ended in March 2009). He testified that he could sit for only 10 or 15 minutes before it was necessary to walk around. He estimated he could walk only about 30 yards before he had to sit down or at least stop and rest. Plaintiff said he could walk without a cane, but he uses it to keep from falling when his knee gives out. He added that his back begins to hurt after sitting for long periods as well. Tr. 81-87. Counsel noted that he had been asking Plaintiff about his current condition, "but this goes back all the way to when you had to stop working." Plaintiff agreed that he had "these kinds of problems" all along. Tr. 94.

Plaintiff's mother, who lives near him, testified that Plaintiff does not get out much but often comes to her house to sit in the yard. She said that, when there, "He just constantly standing and standing." She said Plaintiff "never want to be still, you know." He goes "from the yard to the house, and he may sit in the kitchen a bit but then get up and go back outside." She said Plaintiff uses his cane all the time, but it is not really strong enough to hold him when he falls. Tr. 95-98.

Plaintiff argues that the ALJ, when she assessed his RFC, improperly discounted the two physician opinions and substituted her own medical judgment about Plaintiff's ability to sit, stand, and walk. Determining a claimant's RFC is the ALJ's responsibility. Ripley v. Chater, 67 F.3d 552, 557 (5th Cir.1995). "The ALJ has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence." Gonzales v. Astrue, 231 Fed. Appx. 322, 324 (5th Cir. 2007). This includes the authority "to determine the credibility of medical experts as well as lay witnesses and to weigh their opinions and

testimony accordingly." Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir.1990), quoting Scott v. Heckler, 770 F.2d 482, 485 (5th Cir.1985).

No doctor's opinion is, alone, conclusive as to the RFC, and "the ALJ's RFC assessment need not match with precision to any medical source opinion." Cunningham v. Astrue, 2011 WL 3651026, *7 (D. Utah 2011). The ALJ is not confined to picking one opinion and adopting it. Like a trial judge or jury, the ALJ may weigh the competing opinions, take into consideration all of the other evidence of record, and make a finding that may not be exactly the same as the opinion of any one medical source. So long as her finding is supported by substantial evidence, it is not subject to reversal. See MKW v. Commissioner, 2012 WL 2930461, *3 (W.D. La. 2012); French v. Commissioner, 2009 WL 249709 (W.D. La.2009).

Dr. Barnes opined that Plaintiff could sit two hours at a time for a total of eight hours per day. He found Plaintiff could stand 30 minutes at a time, walk 30 minutes at a time, and could handle one hour each of standing and walking per day. Dr. McAlister's findings were not as specific. He recognized that Plaintiff had limitations with his knees and back, despite evidence of significant symptom magnification, and stated that Plaintiff should be "limited with any prolonged standing, walking, or sitting."

The ALJ found that Plaintiff could walk no more than two hours in a workday. That is an hour more than found by Dr. Barnes (in 2011) but not necessarily inconsistent with Dr. McAlister's 2007 finding that Plaintiff must avoid "prolonged" walking.

The ALJ found that Plaintiff could "sit/stand" for up to six hours of the workday. Dr. Barnes opined that Plaintiff could sit for only two hours and walk only 30 minutes (for a total of an hour per day). The ALJ's findings do not match those of Dr. Barnes on these activities, but the ALJ was allowed to consider Dr. McAlister's more temporally relevant 2007 opinion that Plaintiff was not so limited, was magnifying his symptoms, and needed to avoid only prolonged standing or walking. The ALJ also allowed that Plaintiff would need a sit/stand option and a cane to walk. When the sit/stand option is factored in, Plaintiff is able to avoid prolonged exposure to any particular activity. Reasonable minds might differ, but it appears the ALJ made a reasonable assessment of the opinions from these physicians and the other evidence in the record to reach her RFC. That is sufficient to find that it is supported by substantial evidence.

When the ALJ discussed Dr. McAlister's opinion, she ended with an observation that McAlister estimated Plaintiff could perform sedentary activity, subject to limitations. The ALJ said she took that opinion under advisement but the opinion was reserved to the Commissioner. She made the same observation after summarizing Dr. Barnes' opinion. Tr. 25. Plaintiff argues that the ALJ erred in stating what opinions were reserved to the Commissioner and did not perform the six-factor analysis of 20 C.F.R. 404.1527(c) when evaluating the weight of the opinions.

Similar issues often arise in determining how to properly assess the weight of physicians' opinions. The opinion of a physician that an applicant is "disabled" or "unable to work" has no special significance. Those are legal conclusions reserved to the

Commissioner. 20 C.F.R. 404.1527(d); Frank v. Barnhart, 326 F.3d 618, 620 (5th Cir. 2003). The ALJ's statement with regard to Dr. McAlister's statement that Plaintiff could perform sedentary activity, a legally defined status, is somewhat understandable. Her comment that Dr. Barnes' findings encroached on matters reserved to the Commissioner is less understandable. In any event, the Fifth Circuit requires the six-factor analysis only when the ALJ discounts the medical opinion of a *treating* physician when there is no competing firsthand medical evidence from a treating or examining physician. Frank, 326 F.3d at 620; Thibodeaux v. Astrue, 324 F. App'x 440, 444 (5th Cir. 2009). Neither of these physicians was a treater.

The decision may not be procedurally perfect, but that is not required. The court should not vacate a decision based on a procedural error less the substantial rights of a party have been affected. Anderson v. Sullivan, 887 F.2d 630, 634 (5th Cir. 1989). There is no firm indication the ALJ actually disregarded or discounted any particular medical findings on the grounds that they were legal rather than medical opinions, so the record does not support a finding that substantial rights were affected by these comments. The ALJ reviewed all of the medical evidence and concluded that Plaintiff had a very limited RFC. A VE testified that a person of Plaintiff's age and education could, despite his significant limitations, perform some simple and less demanding jobs found in the economy. The issue raised by Plaintiff on appeal does not show that this decision was made as a result of legal error or lacked substantial evidence to support it.

Accordingly,

**IT IS RECOMMENDED** that the Commissioner's decision to deny benefits be affirmed.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 21st day of March, 2014.

Mark L. Hornsby
U.S. Magistrate Judge